UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**MAURICE MONSON**,

        Plaintiff,

    v.

**HEIDI STEWARD; STUART YOUNG; DENNIS HOLMES; KELLY RATHS; CHERIE JACKSON; DON HODNEY; JOHN MYRICK, sued in their Official and Individual Capacities; NANCY HOWTON; MIKE GOWER; KIM BROCKAMP; STEVE FRANKE; COLLETTE PETERS, sued in their Official Capacities**,

        Defendants.

Case No. 2:15-cv-00513-KI

OPINION AND ORDER

    Maurice Monson
    Sid 17698953
    TRCI
    82911 Beach Access Rd.
    Umatilla, OR 97882

        Plaintiff

Page 1 - OPINION AND ORDER

Ellen F. Rosenblum
Attorney General
Shannon M. Vincent
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

    Attorneys for Defendants

KING, Judge:

Maurice Monson, an Oregon Department of Corrections' inmate, brings several claims against a dozen ODOC officials arising out of the decision to provide Monson with a vegetarian diet rather than a kosher diet. He alleges violations of his right to free exercise under the First Amendment, his right to equal protection under the Fourteenth Amendment, his right to be free from cruel and unusual punishment under the Eighth Amendment, and his statutory rights under the Religious Freedom Restoration Act ("RFRA"). The latter claim has been interpreted by defendants as a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the statute which replaced RFRA when the Supreme Court deemed RFRA unconstitutional. Defs.' Mot. 1, n.1 (citing *Boerne v. Flores*, 521 U.S. 507, 536 (1997)) (ECF No. 100). Pending before me is Monson's Motion for Preliminary Injunction (ECF No. 123), his Motion for Appointment of Counsel (ECF No. 118), and his Motion for Order (ECF No. 119).[1]

## ALLEGATIONS

Plaintiff is a Rastafarian who seeks a kosher diet. He identifies as a member of the 12 Tribes of Israel and describes himself as a "Biblical Believer." Am. Comp. Ex. C (Monson Aff.)

---

[1] Also pending are the parties' cross-motions for summary judgment, which I hold in abeyance pending further briefing on ODOC's supplemental motion for summary judgment based on new developments in the case.

Page 2 – OPINION AND ORDER

(ECF No. 31). He also describes himself as a "Rastafarian-Christian, with Judaic or Judaism teachings and observances of the Jewish laws." *Id*. In his Religious Accommodation Request, plaintiff explained that Rastafarians believe in eating natural foods, and that the foods must be prepared separately because he cannot eat any part of the animal. In response to the question about what alternatives might be consistent with his religious needs, plaintiff wrote that the most observant Rastas follow the Ital diet, which consists of natural food that is not canned, and is free of chemicals and preservatives. Coffee and milk are not permitted. He explained that most Rastas are vegetarians or vegans. Am. Compl. Ex. E. When asked about the non-meat alternative diet, plaintiff complained that the diet caused him to lose weight, affected his blood pressure, and tempted him to buy items from the commissary. *Id.* ODOC denied Monson's requests for a kosher diet.

ODOC has been providing Monson with a kosher diet during the pendency of this case. In recent correspondence to the Court, ODOC confirmed it has made Monson's kosher diet permanent.

## DISCUSSION

I.      Motion for Preliminary Injunction

Plaintiff has filed a motion for preliminary injunction, but he does not specify what he seeks to enjoin or mandate. In the documents he attaches to his motion, he describe problems with the quality of his kosher diet that ODOC has been providing him during the pendency of this case.

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*,

555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) an injunction is in the public interest. *Id.* at 20 (rejecting the Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction).

The Supreme Court's decision in *Winter*, however, did not disturb the Ninth Circuit's alternative "serious questions" test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under this test, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132. Thus, a preliminary injunction may be granted "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012) (citing *Cottrell*).

A "preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945); *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631 (9th Cir. 2015) ("A preliminary injunction is appropriate when it grants relief of the same nature as that to be finally granted."). After reviewing the motion for preliminary injunction and the Amended Complaint, I conclude that, although Monson frames his motion as one for preliminary relief, his request for better kosher food is not preliminary to any decision on the merits.

Monson's request is not for "relief of the same character as that which may be granted finally." *See De Beers*, 325 U.S. at 220.  In his Amended Complaint, Monson does not challenge the quality of the kosher food he is receiving (as he was not receiving any kosher food at the time he initiated litigation), and he does not request declaratory or injunctive relief related to the quality of his food.  As a result, Monson seeks an injunction on matters "lying wholly outside the issues in the suit" and "no decision of the suit on the merits can redress any injury done by [such an] order."  *See id.* at 217.  As a result, I deny his Motion for Preliminary Injunction.

II.     Motion for Appointment of Counsel

Generally, there is no constitutional right to counsel in a civil case.  *United States v. $292,888.04*, 54 F.3d 564, 569 (9th Cir. 1995) ("*$292.888.04*"); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986).  However, pursuant to 28 U.S.C. § 1915(e)(1),[2] this court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances.  *$292,888.04*, 54 F.3d at 569; *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  While this court may request volunteer counsel in exceptional circumstances, it has no power to make a mandatory appointment.  *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 301-08 (1989).  There are no funds available to pay the services of such volunteer counsel.

In order to determine whether exceptional circumstances exist, this court evaluates the plaintiff's likelihood of success on the merits and the ability of the *pro se* plaintiff to articulate his or her claim in light of the complexity of the legal issues involved.  *$292,888.04*, 54 F.3d at

---

[2] The text of 28 U.S.C. § 1915(e)(1) reads "[t]he court may request an attorney to represent any person unable to afford counsel."

569; *Wood*, 900 F.2d at 1335-36; *Wilborn*, 789 F.2d at 1331.  However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)."  *Wilborn*, 789 F.2d at 1331; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

I do not find that exceptional circumstances exist to warrant an effort by the court to obtain volunteer counsel for Monson.  Monson has sufficiently articulated the basis of his claim, and the legal issues are not so complex that counsel would be necessary.  I deny the motion for appointment of counsel (ECF No. 18).

III.    Motion for Order

Finally, Monson asks that the Court issue a ruling on his pending Motion for Summary Judgment (ECF No. 78).  Given recent developments in the case, it is most efficient to resolve all of the pending motions at once.

## CONCLUSION

Based on the foregoing, I deny Monson's Motion for Preliminary Injunction [123], his Motion for Appointment of Counsel [118], and his Motion for Order [119].

IT IS SO ORDERED.

DATED this ___6th___ day of March, 2017.

                                               /s/ Garr M. King
                                               Garr M. King
                                               United States District Judge